# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

TIMOTHY B. SCHUMACHER,  :
    Plaintiff,  :
  :
v.  :  CIVIL ACTION NO.: _____
  :
BUREAU OF COLLECTION  :
RECOVERY, LLC, and  :
DOES 1 – 10,  :
    Defendants.  :

## COMPLAINT AND JURY DEMAND

COMES NOW, Timothy B. Schumacher as Plaintiff ("Mr. Schumacher"), through counsel, and files this Complaint against Bureau of Collection Recovery, LLC and Does 1 – 10 (the "Defendants") seeking actual and statutory damages pursuant to the Fair Debt Collection Practices Act 15 U.S.C. § 1692, et seq. ("FDCPA"), and the Telephone Consumer Protection Act 47 U.S.C. § 227, et seq. and 47 C.F.R. 64.1200 et seq., ("TCPA"). In support of this Complaint, Mr. Schumacher states the following:

## JURISDICTION

1. This Honorable Court has supplemental jurisdiction pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "any appropriate United States [D]istrict [C]ourt without regard to the

1

amount in controversy."

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

3. This Honorable Court has personal jurisdiction because Mr. Schumacher resides in this District and the Defendants conduct business in this District.

**PARTIES**

4. Mr. Schumacher is an adult person residing in Cherokee County, Georgia and lives with his parents, including a United States war veteran father that is mentally disabled.

5. Mr. Schumacher is a, "consumer" pursuant to 15 U.S.C. § 1692a(3), and according to the Defendants, Mr. Schumacher allegedly owes a, "debt" pursuant to 15 U.S.C. § 1692a(5).

6. The Defendants, at all times relevant to these claims, were headquartered in Minnesota, specifically at 7575 Corporate Way, Eden Prairie, Minnesota, 55344.

7. The Defendants are engaged in the collection of debts from consumers by telephone and postal mail and regularly attempt to collect on consumer debts alleged to be owed to another.

8. Accordingly, the Defendants are a "debt collector" pursuant to 15

U.S.C. § 1692a(6).

9. Does 1 – 10 (the "Collectors") are individual collectors employed by Bureau of Collection Recovery, LLC and whose identities are currently unknown to Mr. Schumacher. One or more of the Collectors may be joined as parties once their identities are known.

10. The Defendants at all times acted by and through one or more of the Collectors.

## FACTS

### Chapter 7 Bankruptcy Case

11. On December 10, 2011, Mr. Schumacher filed for relief under Chapter 7 of the United States Bankruptcy Code in the Northern District of Georgia, Atlanta Division, bearing Case Number 10-95740 (the "Bankruptcy Case"). The Bankruptcy Case was closed and a Discharge Order was executed on March 24, 2011. See Exhibit A.

12. The debt underlying this action was based on a $48.55 phone bill from AT&T Mobility (the "Creditor"), a financial obligation that arose from services provided for family, personal or household purposes, an unsecured debt disclosed on Schedule F of the Bankruptcy Case (the "Debt"). See Exhibit B.

13. The Creditor received notice of the Bankruptcy Case. See Exhibit C.

14. The Defendants were not disclosed within the Bankruptcy Case because Mr. Schumacher had no notice that the Defendants were an interested party in the Bankruptcy Case.

15. Based on information and belief, the Defendants purchased the Debt after Mr. Schumacher was granted a discharge through the Bankruptcy Case.

16. The Debt was purchased, assigned, or transferred to the Defendants for collection, or the Defendants were employed by the Creditor to collect on the Debt.

17. The Defendants failed to perform the due diligence that is customary in its profession to ensure that Mr. Schumacher had not received a bankruptcy discharge before collecting on the Debt. The Defendants have a pattern and practice of willful violations of the FDCPA and other laws as evidenced by a cursory search of the national PACER records.

The Defendants' Collection Efforts

18. Since October 2011, the Defendants attempted to collect on the Debt by telephone and postal mail and, as such, engaged in "communications" pursuant to 15 U.S.C. § 1692a(2).

19. On or about October 15, 2011, Mr. Schumacher received a collection letter from the Defendants trying to collect on the Debt. See Exhibit B.

20. Based on information and belief, the Defendant's called Mr. Schumacher's home telephone number on October 17, 2011 at 2:16 P.M., October 24, 2011 at 8:50 A.M., 3:18 P.M., and 8:33 P.M., October 27, 2011 at 9:24 A.M. and 5:00 P.M.

21. The Defendants failed to disclose it was a debt collector when speaking with Mr. Schumacher or his mother and father, who reside at the same address as Mr. Schumacher.

22. The Defendants left pre-recorded messages on Mr. Schumacher's telephone answering machine without authorization.

23. The Defendants failed to disclose to Mr. Schumacher that it was a debt collector attempting to collect on a debt and everything the call-responder said would be used for that purpose, i.e., "mini-Miranda" warnings.

24. The Defendants spoke with Mr. Schumacher's mentally disabled father about the Debt.

25. The Defendants left messages on the answering machine located at Mr. Schumacher's residence for the purpose of collecting on the Debt.

26. The Defendants used profane, abusive, and hostile language when speaking with Mr. Schumacher and his family members for the sole purpose of intimidating them into making immediate payment.

## COUNT I
## VIOLATIONS OF THE FDCPA

27. The Defendants violated the FDCPA based on, but not limited to the following:

   a. Telephone conversations with Mr. Schumacher's mother and mentally disabled father about the Debt. 15 U.S.C. § 1692c(b).

   b. The use of harassment, oppression, and abusive language during the telephone calls and messages about the Debt. 15 U.S.C. § 1692d.

   c. The use of profane and abusive language during the telephone calls and messages about the Debt. 15 U.S.C. § 1692d(2).

   d. Failure to identify itself as a debt collector during the telephone calls and messages about the Debt. 15 U.S.C. § 1692d(6).

   e. Falsely characterized the Debt as owed. 15 U.S.C. § 1692e.

   f. Characterized the Debt as owed or collectable. 15 U.S.C. § 1692e(2).

   g. Failure to include "mini-Miranda" warnings in telephone calls or messages about the Debt. 15 U.S.C. § 1692e(11).

      h.      Attempted to collect the Debt even though it is not permitted by law. 15 U.S.C. § 1692f(1).

## COUNT II
## VIOLATIONS OF THE TCPA

28. The Defendants violated the TCPA based on, but limited to the following:

      a.      Making telephone calls to Mr. Schumacher's residential telephone line using an automated telephone dialing system without Mr. Schumacher's consent.  47 U.S.C. § 227b(B).

WHEREFORE, Mr. Schumacher respectfully requests this Honorable Court grant the following relief:

1. Order the Defendants to pay actual damages and statutory damages for violating the FDCPA;
2. Order the Defendants to pay reasonable attorney fees;
3. Order the Defendants to pay for all related costs;
4. Order the Defendants to pay actual and statutory damages for violating the TCPA; and
5. For such other relief as this Honorable Court deems necessary and just.

Dated: January 27, 2012

Respectfully Submitted,
VAN WIEREN LAW FIRM, LLC

s/Angel M. Van Wieren, Esq.
Angel M. Van Wieren
Georgia Bar No.: 123009
Attorney for Mr. Schumacher
Van Wieren Law Firm, LLC
675 Seminole Ave., NE #103
Atlanta, GA 30307
Telephone: (404) 963-7408
Fax: (404) 920-8183
Email: angel@vanwierenlaw.com